**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BOBBY LEE DICKERSON,**<br>**No. M35352,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**VIENNA CORRECTIONAL CENTER,**<br>**and VIENNA MEDICAL CARE,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL NO. 13-cv-00557-MJR** |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Bobby Lee Dickerson, Jr., is currently incarcerated at Vienna Correctional Center ("Vienna"). Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). Plaintiff takes issue with the conditions of his confinement and his medical care, both of which allegedly pose an imminent, ongoing risk of serious physical injury. More specifically, Dickerson contends that the asbestos in the ceilings at Vienna is killing him and, at a minimum, aggravating his asthma. Plaintiff also claims that there was delay in getting him an emergency inhaler, thereby endangering his life. "Vienna Correctional Center" and "Medical Care at Vienna Correctional Center" are the named defendants.

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") in this case, without prepayment of the Court's usual $350.00 filing fee in a civil case (Doc. 2). *See* 28 U.S.C. §1914(a).[1] He also recently filed three motions. First, Plaintiff seeks leave to amend the

complaint to add a claim against five named prison officials who have retaliated against Plaintiff for filing suit(s) by issuing baseless disciplinary tickets and ultimately meting out punishment (Doc. 6). Second, he moves to strike "against" the defendants for "lacking a time schedule order," pursuant to 42 U.S.C. § 1990 (Doc. 7). Third, Plaintiff moves for default judgment against the defendants for failing to respond to his complaint (Doc. 8).

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. However, 28 U.S.C. § 1915(g)—the "three strikes" rule—presents a preliminary hurdle that Dickerson must clear before that threshold review can be undertaken.

**1. <u>Pauper Status and the "Three Strikes" Rule</u>**

A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action ... and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id.* Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998); *In re Tyler,* 110 F.3d 528, 529–30 (8th Cir.1997).

In this case, Plaintiff has tendered an affidavit of indigence and trust fund statement that are sufficient as to form and which indicates he is indigent, but this is not the end of the matter because 28 U.S.C. § 1915 further provides:

> [i]n no event shall a prisoner *bring* a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Dickerson has already had three other cases dismissed as frivolous or for failure to state a claim upon which relief can

be granted. *See Dickerson v. Satterburg*, No. 09-cv-1279-RSM (W.D. Wash. Oct. 22, 2009); *Dickerson v. Bals*, No. 09-cv-1419-JCC (W.D. Wash. Jan. 14, 2010); *Dickerson v. RJC King County Jail*, 09-cv- 1508-JCC (W.D. Wash. Jan. 14, 2010). In addition, on June 20, 2013, an additional strike was assessed in *Dickerson v. China*, No. 13-cv-498-JPG (S.D. Ill. June 20, 2013).

Dickerson has also failed to disclose his full litigation history. He references only *Dickerson v. Bergland*, No. 13-cv-461-MJR (S.D. Ill. Filed May 15, 2013), and he makes no mention of his extremely lengthy litigation history in the Western District of Washington (which includes three of the four cases cited as strikes). A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). The Court has warned Plaintiff on other recent occasions, so dismissal as a sanction would certainly be appropriate; however, in this situation, there are additional considerations that merit discussion.

Because Plaintiff has at least three strikes for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger"

within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *AbdulWadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996)). There also must be an adequate nexus, "fairly traceable" between imminent harm and the legal claims. *See Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009).

Although the complaint suffers from certain infirmities, and without regard to the merits of each claim, Plaintiff's claims regarding the conditions of his confinement and medical care at Vienna Correctional Center do *suggest* the possibility of imminent danger of serious physical harm. Therefore, Plaintiff can proceed as a pauper with respect to his claims regarding the conditions of his confinement and medical care at Vienna Correctional Center. Payment will be directed by separate order.

## 2. Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* complaint into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Vienna Correctional Center is housing Plaintiff in conditions of confinement exposing him to asbestos and**

**thereby exacerbating his asthma, in violation of the Eighth Amendment; and**

**Count 2: "Vienna Medical Care" delayed providing Plaintiff with medical treatment—an emergency inhaler—for his asthma, in violation of the Eighth Amendment.**

**Standard of Review**

Preliminary review of the complaint is dictated under 28 U.S.C. § 1915A, which states:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual

allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**FTCA**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, provides jurisdiction for suits against the United States regarding torts committed by *federal* officials, not state officials. Therefore, any and all FTCA claims must be dismissed. Plaintiff's claims will be considered only as claims under 42 U.S.C. § 1983.

**Count 1—Conditions of Confinement**

At this stage in the proceedings, despite bordering on the conclusory, Count 1 states a colorable Eighth Amendment claim regarding the conditions of Plaintiff's confinement exposing him to asbestos, which resulted in a physical injury. However, Plaintiff has failed to name a proper defendant.

The Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Therefore, Defendant Vienna Correctional Center shall be dismissed from the action with prejudice.

Absent any allegations of individual involvement, the warden of the facility would appear to be the proper defendant to answer for claims regarding the conditions of

confinement.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001).  Plaintiff will be granted leave to cure this defect.

**Count 2**

Count 2 pertains to a week and a half delay in proving Plaintiff with an emergency inhaler after he suffered an asthma attack.  Plaintiff claims that he could have died and characterizes this failure as "gross medical negligence."

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble,* 429 U.S. 97 (1976); *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  To state a claim for deliberate indifference in the denial or delay of medical care, the complaint must indicate a defendant had actual knowledge of, or reckless disregard for, a substantial risk of harm.  *See Chavez v. Cady,* 207 F.3d 901, 906 (7th Cir. 2000).

Although even *gross* negligence does not state a claim for deliberate indifference (*Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 990 (7th Cir. 2012)), the alleged delay in providing Plaintiff with an emergency inhaler will, at this juncture, suffice as a serious risk of harm for purposes of the Eighth Amendment.  However, Plaintiff's inability to specify a defendant (and the absence of, for example, a corporate policy or practice on the part of a corporate medical provider) prevents Count 2 from proceeding as pleaded.

Plaintiff names "Vienna Medical Care" as the defendant responsible for the delay in providing an emergency inhaler.  Again, because "Vienna Medical Care" is not a "person" within the meaning of the Civil Rights Act, it is not subject to a Section 1983 suit.  *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Therefore, Defendant "Vienna Medical Care" shall be dismissed from the action with prejudice.

Plaintiff must either name an individual who was personally involved in that failure, or, depending on the circumstances, name the medical provider for the prison. If Plaintiff does not know the specific identity of a defendant, he may proceed against "Unknown Party or "John Doe" medical provider—which he may have been trying to do. Because the complaint is so sparse, the Court cannot determine the nuances of the claims. Again, Plaintiff will be granted leave to amend the complaint to cure this problem.

## 3. Pending Motions

### Motion to Amend

Plaintiff seeks leave to amend the complaint to add a claim against five named prison officials who have retaliated against Plaintiff for filing suit(s) by issuing baseless disciplinary tickets and ultimately meting out punishment (Doc. 6). Although this case may have cause the alleged retaliation, that claim must be brought in another action.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits. The Seventh Circuit emphasized in *George* that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).

For these reasons, Plaintiff's motion to amend (Doc. 6) will be denied.

### Motion to Strike

Plaintiff moves to strike "against" the defendants for "lacking a time schedule order," pursuant to 42 U.S.C. § 1990 (Doc. 7). Section 1990 pertains to the Marshal's duty to execute all warrants or other process as directed by the courts, or face a fine. The Court has not

directed the Marshal to effect service because there still is no viable complaint. Therefore, Plaintiff's motion to strike (Doc. 7) is premature and will be denied.

**Motion for Default Judgment**

Plaintiff moves for default judgment against the defendants for failing to respond to his complaint (Doc. 8). Because Plaintiff has failed to present a viable complaint, the defendants have not been served with summons and the complaint, which would trigger their duty to file an answer or other responsive pleading. *See* FED.R.CIV.P. 12(a). Consequently, it would be premature for the Clerk to enter default and/or for default judgment to be entered. *See* FED.R.CIV.P. 55. Therefore, Plaintiff's motion for default judgment (Doc. 8) will be denied.

**4. Disposition**

**IT IS HEREBY ORDERED** that, for the reasons state, Plaintiff Dickerson's Motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**. A separate order directing payment will issue.

**IT IS FURTHER ORDERED** that Defendant **VIENNA CORRECTION CENTER** and **"VIENNA MEDICAL CARE"** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that all claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 are **DISMISSED** with prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that **COUNT 1**, an Eighth Amendment conditions of confinement claim, and **COUNT 2**, an Eighth Amendment medical care claim, are both **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that on or before August 7, 2013, Plaintiff shall file an amended complaint in accordance with this Order. Any amended complaint will be subject to preliminary review pursuant to 28 U.S.C. § 1915A. Failure to file a viable amended complaint could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend to add a retaliation claim (Doc. 6), to strike (Doc. 7), and for default judgment (Doc. 8) are all **DENIED**.

Plaintiff is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether he elects not to file an amended complaint, and regardless of whether any amended complaint is dismissed upon preliminary review. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2013**

**s/ *Michael J. Reagan***
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**